UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Alberto N., | File No. 26-cv-1228 (ECT/ECW) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Eric Klang, *Sheriff of Crow Wing County*, | |
| Respondents. | |

---

Stephanie Morales, Minneapolis, MN, for Petitioner Alberto N.

Friedrich A.P. Siekert and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

---

Petitioner Alberto N. is a Mexican citizen who has "lived in the United States since some time in 2018," when he entered the country without inspection. Pet. [ECF No. 1] ¶¶ 13–14. According to the Petition, "[i]t is believed that [Alberto] is currently in § 1229a removal proceedings and he seeks to apply for relief from removal." *Id.* ¶ 14. The Petition also alleges, "[u]pon information and belief," that Alberto "does not have a final order of removal." *Id.* On January 26, 2026, Alberto was "arrested by, or at least later transferred into the custody of, [Immigration and Customs Enforcement] in a warrantless arrest." *Id.* ¶ 15. At the time of the Petition's filing, Alberto was "detained in the Crow Wing County

[detention] facility," *id.* ¶ 12, although his counsel was unable to locate him in the "ICE detainee locator," *id.* ¶ 15. Respondents[1] do not dispute the Petition's facts. *See* ECF No. 5.[2]

Alberto challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 2. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 22–25; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Alberto, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 26–42. Alberto seeks issuance of a writ of habeas corpus requiring his release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a); issuance of an order enjoining his transfer outside of the District of Minnesota during the pendency of his Petition, and "any other and further relief that this Court may deem just and proper." *See id.* at 13–14.

Recognizing that "[t]his case presents similar legal and factual issues to those in prior habeas petitions," Respondents argue that Alberto is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* ECF No. 5 at 2. This raises an issue of statutory

---

[1] When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Eric Klang, the Crow Wing County Sheriff, has not appeared in these proceedings. *See* Dkt.

[2] In their answer, Respondents state that they "did have a warrant for Petitioner's arrest." ECF No. 5 at 11. However, no warrant has been produced. *See generally* Dkt.

2

interpretation[3] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Alberto has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that

---

[3] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Alberto's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)). Alberto has lived in the United States for approximately seven years, Pet. ¶ 13, and I find his detention falls under § 1226(a) and not § 1225(b)(2).[4]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Choglló Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Alberto argues that he was arrested without a warrant. *See* Pet. ¶ 15.

---

[4] Respondents do not argue that Alberto is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Alberto's detention. *See* ECF No. 5.

4

Respondents have not produced a warrant, nor have they advanced any specific argument that justifies Alberto's detention under § 1226(a) without a warrant. *See* ECF No. 5 at 11–12. Specifically, Respondents do not indicate why any of 8 U.S.C. § 1357's exceptions to the warrant requirement would apply to Alberto. *See id.* Nor do Respondents explain how the cases they cite apply in the face of 8 U.S.C. § 1226(a), which requires "a warrant issued by the Attorney General" as a predicate to discretionary detention under § 1226(a). *See id.* at 12 (first citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); and then citing *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982)).

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, 804 F. Supp. 3d at 264 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[5]

---

[5] The resolution of this statutory-interpretation question in Alberto's favor makes it unnecessary to address the Petition's remaining grounds.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Alberto N.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents shall release Petitioner from custody as follows:

    a. If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

    b. If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 13, 2026, at 2:00 p.m.     s/ Eric C. Tostrud
                                           Eric C. Tostrud
                                           United States District Court